BROWNIE OUTLAW v. LESTER GURLEY AND LEONARD OUTLAW.

(Filed 29 March, 1967.)

**1. Appeal and Error § 24—**

In a passenger's action against the drivers of the vehicles involved in the collision causing the injury, the failure of the court in a single instance to charge that the negligence of a defendant would be actionable if one of the proximate causes of the injury will not be held for prejudicial error when the court repeatedly instructed the jury that the negligence of a defendant would be actionable if the proximate cause or one of the proximate causes thereof.

**2. Trial § 37—**

Ordinarily, a factual inadvertence in stating the evidence will not be held for prejudicial error when the misstatement is not called to the court's attention in apt time.

**3. Appeal and Error § 20—**

Plaintiff has no ground for complaint that the court did not submit the issue of plaintiff's contributory negligence to the jury, even though the court had theretofore intimated that such issue would be submitted and the argument of counsel to the jury was predicated upon the inclusion of such issue with the others submitted, the court having offered counsel additional time to explain the matter to the jury.

APPEAL by plaintiff from *Peel, J.,* September 1966 Civil Session of LENOIR.

Action *ex delicto* to recover damages for personal injuries sustained about 3:30 p.m. on 16 February 1962 in a collision in the intersection of Memorial Drive (N. C. Highway #50) and Hill Street in the town of Warsaw between an automobile owned and driven by defendant Outlaw and an automobile owned and driven by defendant Gurley. Memorial Drive is the dominant street and Hill Street is the servient street. A stop sign was placed on Hill Street requiring traffic going easterly on Hill Street to stop before entering Memorial Drive. This stop sign was erected prior to 16 February 1962 by the North Carolina Department of Highways. Plaintiff was a passenger in the automobile driven by defendant Outlaw, her husband.

Plaintiff alleged and offered evidence tending to show that her husband, defendant Outlaw, was operating his automobile in a southerly direction on Memorial Drive; that an automobile operated by defendant Gurley, traveling in an easterly direction on Hill Street at a speed of about 45 miles an hour, did not stop at the stop sign, drove into the intersection, and collided with the automobile being operated by her husband. In the collision plaintiff sustained personal injuries.

Defendant Gurley alleged and offered evidence tending to show that he was driving his automobile in a northerly direction on Memorial Drive about 40 miles an hour; that when he entered the intersection the Outlaw automobile, traveling in an easterly direction on Hill Street, pulled into the intersection of the streets just in front of him, and the automobiles collided.

Defendant Gurley offered evidence. Defendant Outlaw offered no evidence. Defendant Outlaw was called as an adverse witness by plaintiff.

The following issues were submitted to the jury and answered as shown:

"1. Was the plaintiff, Brownie Outlaw, injured by the negligence of the defendant, Lester Gurley, as alleged in the Complaint?

"Answer: No.

"2. Was the plaintiff, Brownie Outlaw, injured by the negligence of the defendant, Leonard Outlaw, as alleged in the Complaint?

"Answer: No.

"3. What amount, if any, is plaintiff, Brownie Outlaw, entitled to recover for personal injuries?

"Answer: ................"

From a judgment that plaintiff have and recover nothing from the defendants, she appeals.

*Beech & Pollock by H. E. Beech for plaintiff appellant.*

*Wallace, Langley & Barwick by F. E. Wallace, Jr., for defendant appellee Leonard Outlaw.*

*Whitaker, Jeffress & Morris by A. H. Jeffress for defendant appellee Lester Gurley.*

PER CURIAM. Plaintiff assigns as error this part of the charge: "However, I have also told you that negligence alone is not sufficient grounds for recovery of damages, but before it becomes actionable negligence IT MUST BE THE PROXIMATE CAUSE OF THE INJURY AND DAMAGE." Reading the charge in its entirety, it appears that seven times before the challenged part of the charge, and then immediately after the challenged part of the charge, the judge, in applying the law to the facts and in stating the contentions of the parties, stated in substance that in order for plaintiff to recover she must not only show negligence but that such negligence was the proximate cause or one of the proximate causes of her injuries. It is unreasonable to believe that after having charged eight times correctly in respect to proximate cause the jury could have been confused or misled in the single instance challenged by plaintiff, or that she could have been prejudiced thereby. This assignment of error is overruled.

Plaintiff's assignments of error as to the exclusion of evidence are without merit, and are overruled.

Plaintiff assigns as error the following statement in the charge of the court: ". . . and the defendant, Outlaw, further contends that the evidence favorable to him tends to show that instead of operating his car or being on Memorial Drive, that instead he was on Hill Street, and that therefore you should answer this second issue 'no.'" The complaint alleges and plaintiff's evidence tends to show that defendant Outlaw was driving south on Memorial Drive. When examined adversely as a witness for the plaintiff, defendant Outlaw testified that he was driving south on Memorial Drive. It appears from the record before us that this inadvertence of Judge Peel in stating the contention of defendant Outlaw was not brought to the attention of the trial court in apt time so that the judge could be afforded an opporunity to correct it before the case was given to the jury. Plaintiff contends that this is another example of the continuous confusion in the judge's charge. Plaintiff has not shown that this misstatement of defendant Outlaw's contentions has prejudiced her to the extent that she is entitled to a new trial. This assignment of error is overruled.

All the evidence in this case was completed on Thursday afternoon, 22 September 1966. At that time the presiding judge told the

attorneys in the case that he had tentatively decided to submit four issues to the jury, one of which was an issue of plaintiff's contributory negligence. All the attorneys completed the arguments to the jury on Thursday afternoon, and in their speeches referred to the four issues that the judge said he had tentatively decided to submit to the jury. On Friday morning the judge decided not to submit to the jury the issue of plaintiff's contributory negligence. He told all the lawyers he would allow them additional time to explain to the jury anything they felt necessary to explain by reason of his not submitting to the jury the issue of contributory negligence. The record does not show whether counsel availed themselves of the judge's offer to speak further Friday morning. The judge in the beginning of his charge Friday morning stated in substance that Thursday afternoon the lawyers argued the case to them with the understanding that the court was going to submit four issues to them, but he had decided not to submit to them the fourth issue. The third issue was an issue of plaintiff's contributory negligence, and the fourth issue was the damage issue. In his charge to the jury, the judge submitted the three issues as set forth above, read the three issues to the jury, and charged at length as to each of the three issues. The decision not to submit an issue of plaintiff's contributory negligence, which was undoubtedly correct, was favorable to plaintiff and in no way prejudicial to her. Plaintiff assigns as error that the judge committed prejudicial error in withdrawing the fourth issue from his charge without properly naming and explaining this issue to the jury. Under the circumstances we can see no prejudicial error on the part of the court by a mere slip of the tongue, and this assignment of error is overruled.

The evidence in this case was in sharp conflict. The case presents in essence issues of fact determinable alone by the jury. The jury resolved the issues of fact against plaintiff. The court's rulings and charge are in substantial accordance with established law in this jurisdiction. No prejudicial error has been made to appear. All plaintiff's assignments of error are overruled. The verdict and judgment will be upheld.

No error.